# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FREDERICK A. FIGURA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-00660-SPM |
| ) | |
| TROY LINCOLN COUNTY R-3 ) | |
| SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of self-represented plaintiff Frederick A. Figura to proceed in the district court without prepaying fees or costs. Based on the financial information provided in the application, the application will be granted and plaintiff's filing fee will be waived. Additionally, based on initial review, plaintiff's employment discrimination complaint will be dismissed without prejudice.

### Standard of Review

A complaint filed without paying fees and costs by a non-prisoner is subject to pre-service review pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Carter v. Schafer*, 273 Fed. Appx. 581 (8th Cir. 2008) (stating that "contrary to plaintiffs' arguments

-1-

on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service").

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To avoid dismissal, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even pro se complaints are required to allege facts which, if

true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**The Complaint**

Plaintiff brings this employment discrimination complaint against defendant Troy Lincoln County R-3 School District under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 (ADEA) alleging employment discrimination on the basis of age.[1] Plaintiff was a bus driver for the Troy Lincoln School District. At the time of the incident, plaintiff was approximately 71 years old.

Plaintiff states that on April 16, 2024, he was trying to speak with the Director of Transportation for the school district about the unfair distribution of the activity bus job assignments. Plaintiff states that the Director "became irritated and fired me for no apparent reason. I feel my civil rights were violated!" ECF No. 1 at 5. Plaintiff also states that the school district had a new policy that if the activity

---

[1] Plaintiff also checked the box on the form complaint for discrimination based on "other" and wrote in the blank "retaliation." His complaint, however, does not allege that he engaged in any protected activity.

bus driver was on the clock for more than five hours, defendant would deduct 20 minutes of pay.

For relief, plaintiff seeks future wages for the approximately six years he had planned to continue as a bus driver for the school district. He also seeks compensatory damages for the humiliation and embarrassment he suffered as a result of the firing.

## Discussion

The ADEA prohibits employment discrimination "because of [an] individual's age." 29 U.S.C. § 623(a)(1). To state a claim for employment discrimination based upon age, a plaintiff must allege that (1) he was a member of the protected class of employees, at least 40 years old; (2) he was meeting his employer's performance expectations, (3) he suffered an adverse employment action, and (4) similarly situated employees outside the class were treated more favorably. *See Thomas v. Corwin*, 483 F.3d 516, 528 (8th Cir. 2007).

Although plaintiff has checked the box on the form employment discrimination complaint for age discrimination under the ADEA, he makes no factual allegations regarding any discrimination based upon his age. He states that he was attempting to communicate to the Director of Transportation about what he considered the unfair distribution of activity bus driving assignments when the

-4-

Director became irritated and fired him "for no apparent reason." ECF No. 1 at 6. Plaintiff does not allege that the Director fired him because of his age. Nor does plaintiff allege that younger employees were treated more favorably. He also does not allege that the unfair distribution of activity bus assignments favored younger bus drivers. Although plaintiff was approximately 71 years old at the time he was terminated, he does not allege his age had anything to do with the Director's decision to fire him.

Because plaintiff has not alleged any facts from which the Court could draw the reasonable inference that the school district discriminated against him based upon his age, he has not stated a plausible claim for age discrimination in his employment. The Court will dismiss plaintiff's employment discrimination complaint without prejudice for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 4th day of June, 2025.

                                                                       _____
                                                                       HENRY EDWARD AUTREY
                                                                       UNITED STATES DISTRICT JUDGE